IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| C&N CORPORATION d/b/a DOOR PENINSULA WINERY, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY KANE and ILLINOIS RIVER WINERY, INC., <br><br> Defendants | CIVIL ACTION NO. 2:12-cv-257 <br><br> JURY TRIAL REQUESTED |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff for its Complaint alleges as follows:

NATURE OF THE ACTION

1. This is a civil action for Trademark Infringement and Unfair Competition under 15 U.S.C. § 1125(a) and the Common Law.

THE PARTIES

2. Plaintiff, C&N Corporation d/b/a Door Peninsula Winery ("DPW"), is a private company having a principal place of business at 5806 Highway 42, Surgeon Bay, Wisconsin 54235.

3. On information and belief, defendant Illinois River Winery, Inc. ("IRW"), is an Illinois Corporation having a principal place of business at 723 South Clark, North Utica, Illinois 61373.

4. On information and belief, defendant Gregory Kane ("Kane"), is an individual residing at 16W420 Timberlake Drive, Hinsdale, Illinois 60527. On information and belief, Kane is a shareholder, and President, of IRW.

5. On information and belief, after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that IRW and Kane had knowledge of and actively participated in, supervised, and were personally responsible for the development and implementation of the improper and illegal use of plaintiff's common law trademark rights as fully set forth below, and/or have a direct financial interest in such activities.

## JURISDICTION AND VENUE

6. Through the activities detailed herein, defendants IRW and Kane created a likelihood of confusion between defendants' goods and plaintiff's goods offered under plaintiff's HALLOWINE and DOOR COUNTY HALLOWINE marks in the State of Wisconsin, in this District, and elsewhere.

7. Defendants maintain an interactive website at www.illinoisriverwinery.com that purposefully reaches out to residents located in Wisconsin and other states in a concerted and ongoing effort to sell its products, including its infringing Hallowine product, to Wisconsin residents.

8. As a result of these actions, defendants have purposefully availed themselves of the laws of Wisconsin, and the privilege of doing business in the State of Wisconsin at least through IRW's website.

9. The actions by defendants to sell to Wisconsin residents are substantial and not isolated activities that establish minimum contacts with the State of Wisconsin.

10. At least a portion of the infringement claims alleged herein arise out of or are related to the foregoing activities of defendants in Wisconsin.

11. Plaintiff has suffered injury in Wisconsin, as plaintiff has its principal place of business within Wisconsin and this District, as a result of defendants' infringement alleged herein. At the time of the injury and ongoing injury to plaintiff, defendants solicited or provided

goods within Wisconsin through defendants' operation of their business on IRW's interactive website.

12. This court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b) because this action arises under the Trademarks Laws of the United States, including 15 U.S.C. §§ 1114-1118 and 1125(a).

13. This court has personal jurisdiction over defendants under Wis. Stats. § 801.05.

14. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

PLAINTIFF'S BUSINESS

15. Plaintiff began using the common law trademark HALLOWINE for wine at least as early as 1996. Plaintiff applied for a federal label bearing this mark in August of 1996 (Exhibit A).

16. Plaintiff began offering wine for sale under the trademark DOOR COUNTY HALLOWINE in interstate commerce as early as July 1998. The trademark DOOR COUNTY HALLOWINE was affixed to wine bottles at least as early as this date (Exhibit B).

17. Plaintiff began selling wine in interstate commerce under the trademark DOOR COUNTY HALLOWINE at least as early as July 1998 (Exhibit B).

18. Plaintiff currently offers wine under the trademarks HALLOWINE and DOOR COUNTY HALLOWINE on its website www.dcwine.com as evidenced by a screenshot of plaintiff's seasonal wine selection (Exhibit C).

19. Accordingly, plaintiff has made substantial efforts to establish and maintain significant consumer goodwill in wine offered under the HALLOWINE and DOOR COUNTY HALLOWINE marks and have established substantial common law rights in the HALLOWINE and DOOR COUNTY HALLOWINE marks.

20. Plaintiff owns three Federal Trademark Registrations for the DOOR COUNTY HALLOWINE mark: DOOR COUNTY HALLOWINE (stylized word mark), Federal Trademark Registration Number 4,041,256, filed under § 1(a) on March 3, 2011 for the goods: wines, in class 33; DOOR COUNTY HALLOWINE (stylized words and design), Federal Trademark Registration Number 4,041,257, filed under § 1(a) on March 3, 2011 for the goods: wines, in class 33; and DOOR COUNTY HALLOWINE (stylized words and design), Federal Trademark Registration number 4,041,258, filed under § 1(a) on March 3, 2011 for the goods: wines, in class 33.

DEFENDANTS' BUSINESS

21. Upon information and belief, defendants began offering goods for sale on IRW's website as early as November 14, 2007. A screenshot of IRW's archived website shows that one of the goods defendants offered for sale at this time was wine under the name HALLOWINE (Exhibit D).

22. Defendant IRW owned now-abandoned Federal Trademark Application ("Application") for the mark HALLOWINE, Federal Trademark Serial Number 78/841,086, filed under § 1(a) on March 20, 2006 for the goods: wine.

23. Defendant IRW's Application was opposed by plaintiff on December 26, 2006 (Exhibit E).

24. On October 21, 2008, the Trademark Trial and Appeal Board granted summary judgment in favor of opposer DPW and against applicant IRW. The TTAB found that there was no issue of material fact regarding likelihood of confusion or priority of use that would prevent summary judgment for plaintiff/opposer DPW (Exhibit F). As to likelihood of confusion, the court found the marks and goods identical and that the goods travelled in similar channels of trade (Exhibit F at pg. 8). As to priority of use, the court found that DPW had submitted

evidence showing use since July 1998, while IRW had submitted evidence of use in interstate commerce only at least as early as August 20, 2005, and use at all only as early as July 2003 (Exhibit F at pgs. 9-10).

25. IRW abandoned the application for the mark HALLOWINE on January 6, 2009 (Exhibit G).

26. Defendants Kane and IRW knowingly continued to offer wine under the mark HALLOWINE even after IRW's registration was successfully opposed by plaintiff and plaintiff had shown priority of use and likelihood of confusion.

27. Actual consumer confusion resulted from defendants' use when a customer sent plaintiff a news clipping he believed to be about DPW's wine, but in actuality depicted IRW's wine (Exhibit H).

28. Defendants continue to offer wine under the mark HALLOWINE in their seasonal wine selection, as evidenced by a printout of defendants' "Wine 4 All Seasons" advertisement (Exhibit I).

29. Defendants have made wine under the name HALLOWINE seasonally available since at least November 14, 2007, as evidenced by a screenshot showing an archived page offering Hallowine for sale (Exhibit J).

30. Defendants offer goods for sale to Wisconsin residents over the internet via an interactive webpage. A screenshot shows that this webpage has dropdown boxes for Wisconsin customers to select their billing and shipping addresses (Exhibit K).

31. Defendants direct their sales efforts through the www.illinoisriverwinery.com domain to all locations in the United States without restriction to location. On defendants' order delivery page, customers can select Wisconsin as one of the states to receive shipment (see Exhibit K).

32. Defendants offered for sale and sold a substantially similar product to plaintiff's wine under the confusingly similar HALLOWINE name in an effort to palm off, create confusion, or deceive customers thinking of plaintiff's HALLOWINE and DOOR COUNTY HALLOWINE marks.

COUNT I – FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

33. Plaintiff hereby incorporates paragraphs 1-32 as if fully set forth herein.

34. Beginning on a date long prior to any date upon which defendants can rely, plaintiff used the DOOR COUNTY HALLOWINE marks in association with the marketing, promotion, and sale of wine.

35. As a result, plaintiff is the owner of rights in the DOOR COUNTY HALLOWINE marks used in association with wine throughout the Midwestern United States. As a result, the DOOR COUNTY HALLOWINE marks have become a valuable asset of plaintiff and a symbol of plaintiff's goodwill in the relevant industry.

36. As a result of years of use and exclusive sale of wine under the DOOR COUNTY HALLOWINE marks, the HALLOWINE mark is a recognized name and the marks are recognized in the relevant industry as exclusively associated with plaintiff.

37. Defendants' conduct including its unauthorized use of the HALLOWINE name for retail of a substantially similar product offering to plaintiff's wine created a likelihood of confusion with plaintiff's registered DOOR COUNTY HALLOWINE marks with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of plaintiff in violation of 15 U.S.C. § 1114.

38. As a direct competitor of plaintiff, defendants were aware of plaintiff's business and DOOR COUNTY HALLOWINE marks before the defendants engaged in the infringing

activities, through defendants' prior engagement in an opposition proceeding with plaintiff regarding IRW's Application.

39. Defendants' infringement of the DOOR COUNTY HALLOWINE marks is an intentional attempt to trade on the goodwill associated with the goods offered by plaintiff.

40. As a direct and proximate result of defendants' actions, plaintiff has been damaged, including damage to its business and reputation.

### COUNT II – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

41. Plaintiff hereby incorporates by reference paragraphs 1-40 as if fully set forth herein.

42. Defendants' use of the confusingly similar mark HALLOWINE on its wine products infringes on plaintiff's trademark rights in the HALLOWINE mark.

43. Defendants' use of the HALLOWINE mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation or connection with plaintiff's wine products.

44. Defendant's use of the HALLOWINE mark in an attempt to advertise or promote its wine is a misrepresentation of the nature, characteristics, and quality of defendants' wine, said misrepresentation creating a likelihood that the public would affiliate defendants' wine with the products of plaintiff.

45. Defendant's use of the HALLOWINE mark is done in bad faith, knowingly, willfully, and with the intent to falsely designate the origin of the mark, even though plaintiffs own the exclusive right to use the mark in association with wine.

46. Defendant's use and threatened use of the HALLOWINE mark creates false, deceptive and misleading statements constituting false representation and false advertising in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

47. Plaintiff hereby incorporates paragraphs 1-46 as if fully set forth herein.

48. Defendants' offering for sale and sale of a substantially similar product offering to plaintiff's wine under the HALLOWINE name was confusingly similar to the goods offered by plaintiff under the HALLOWINE and DOOR COUNTY HALLOWINE marks. Defendants' use of this confusingly similar name constitutes deception as palming off as being legitimately affiliated or connected with or otherwise sponsored or authorized by plaintiff. As a result, the public has been deceived and defendants have received income and profits, that but for this deception, defendants would not have received. Such conduct constitutes unfair competition and trademark infringement under the common law applicable in the State of Wisconsin and the State of Illinois.

49. Defendants' conduct in offering and selling a substantially similar product to plaintiff's wine under the HALLOWINE name created a likelihood of consumer confusion. Actual evidence of consumer confusion exists (Exhibit I). Defendants' use deceived the public in order to enrich themselves at the consuming public's and plaintiff's expense.

50. Plaintiff extensively used the HALLOWINE and DOOR COUNTY HALLOWINE names and marks in connection with sale of wine across the United States, and adopted such use long before IRW began sales and offers for sale under the Hallowine name. By reason of plaintiff's consistent and extensive use, the HALLOWINE and DOOR COUNTY HALLOWINE marks are uniquely associated with plaintiff, and identifies plaintiff as the source of wine under the HALLOWINE and DOOR COUNTY HALLOWINE marks throughout the United States.

51. Defendants knew of plaintiff's HALLOWINE and DOOR COUNTY HALLOWINE marks for wine before defendants continued to use the HALLOWINE name, despite IRW's registration of the same being successfully opposed by plaintiff.

52. Defendants' use of the HALLOWINE name has caused confusion or misunderstanding, or deceived customers, consumers, and the general public, as to the origin, sponsorship, or other association between plaintiff and the defendants' unauthorized offer and sale of wine. This confusion, misunderstanding, and deception has harmed the extensive consumer goodwill that plaintiff has worked to develop with consumers across the United States.

53. By reason of the foregoing, defendants have willfully infringed and continue to willfully infringe on plaintiff's common law rights in the HALLOWINE and DOOR COUNTY HALLOWINE names and marks. Defendants' unlawful conduct greatly and irreparably damaged Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

A. That the Court adjudge that defendants have unfairly competed with plaintiff under 15 U.S.C. § 1125(a), by the confusingly similar use of plaintiff's HALLOWINE and DOOR COUNTY HALLOWINE marks.

B. That defendants and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined from:

(1) Using for any wine any name, mark, trade dress, an indication of source or other identifier that is similar in whole or in part to plaintiff's HALLOWINE and DOOR COUNTY HALLOWINE marks;

(2) Doing any other act or thing likely to confuse, mislead, or deceive others into believing that defendants, or their business or products, emanate from or are connected with, sponsored by, or approved by plaintiff.

(3) Aiding or abetting any other person in committing any of the acts prohibited by (1) and (2) above.

C. That defendants be ordered to destroy all labels bearing any name, mark, trade dress, indication of source or other identifier that is similar in whole or in part to plaintiff's HALLOWINE and DOOR COUNTY HALLOWINE marks.

D. That defendants be ordered to account for and pay to plaintiff the damage sustained by plaintiff due to defendants' infringement of plaintiff's trademark rights.

E. That plaintiff be awarded all profits derived by defendants by reason of their infringement of plaintiff's trademark rights and unfair competition, and all other sums by which defendants have been unjustly enriched.

F. That plaintiff be awarded all damages incurred by reason of defendants' trademark infringement of plaintiff's rights and defendants' unfair competition.

G. That defendants be required, in accordance with Section 34(a) of the U.S. Trademarks Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon plaintiff, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with the terms of any injunction entered by this Court.

H. That this case be deemed exceptional under 15 U.S.C. § 1117(a), and that plaintiff be awarded increased damages.

I. That an assessment of costs and attorneys' fees for this action be made against defendants.

J. That plaintiff be awarded pre-judgment and post-judgment interest on any damage award.

K. That plaintiff be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated this 16th day of March, 2012.

Respectfully submitted,

s/Aaron T. Olejniczak
Aaron T. Olejniczak (#1034997)
Christopher M. Scherer (#1052311)
ANDRUS, SCEALES, STARKE & SAWALL, LLP
100 East Wisconsin Avenue, #1100
Milwaukee, WI 53202
Telephone: 414-271-7590
Facsimile: 414-271-5770
E-mail: aarono@andruslaw.com
E-mail: cscherer@andruslaw.com
Attorneys for Plaintiff