UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

C&N CORPORATION d/b/a DOOR
PENINSULA WINERY,

        Plaintiff,

   v.                                       Case No. 12-C-0257

GREGORY KANE and ILLINOIS
RIVER WINERY, INC.,

        Defendants.

## ORDER

Plaintiff has filed a motion to seal portions of its Memorandum in Support of Partial Summary Judgment, portions of its Statement of Proposed Material Facts, and Exhibits B, C, I, and J to the Declaration of Christopher R. Liro. Plaintiff filed redacted versions of the same. Plaintiff states that the documents include material that the defendants have designated as confidential pursuant to the protective order in this case.

As explained in the protective order, the Court is not bound by the designation of material as confidential by the parties under the Protective Order and, to the extent necessary to reveal the Court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the

case--how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing.").

That said, the Court understands that there may be good cause for maintaining confidential information under seal. However, the parties must explain their justification. The mere fact that the parties agree that a document should be sealed does not make it so. In this district, General L.R. 79(d) governs the procedure for filing material that a party has designated confidential under seal. Subsection (4) states that "[a]ny motion to seal *must be accompanied by proof of good cause* for withholding the material from the public record." General L.R. 79(d) (emphasis added). Subsection (6) requires that any material marked confidential that a party wishes to file with the court "must be filed under seal by the filing party with the Clerk of Court in an envelope marked 'SEALED.'" The party filing the material designated "confidential" has two options:

> Any party filing material claimed to be confidential under subsection (6) must include with that filing either: (1) a motion to seal the material pursuant to this rule; or (2) an objection to the designation of the material as confidential and a statement that the objection to the designation has been provided to the person claiming confidentiality. If such an objection is made, the person having designated the material as confidential may file a motion to seal under this rule within 21 days of the objection.

General L. R. 79(d)(7).

In other words, when filing material claimed to be confidential and necessary to keep from the public record, a party must file a motion to seal that states why there is good cause to seal the material. In the alternative, if the party filing the confidential information was not the party that designated the material confidential, then they should so state by noting an "objection." Such an objection simply allows the filing party to shift to the party that made the designation the burden of establishing good cause for sealing the material within 21 days. In addition, although the rule

does not specifically so state, the parties should confer before filing confidential material–as they did in this case–in an effort to minimize filing unnecessary motions to seal where neither party believes good cause exists to shield the information from the public.

Here, Plaintiff's motion to seal indicates that the defendants have designated as confidential the material it seeks to file under seal. Thus, it appears that the plaintiff's motion should have been an "objection" such that the defendants would have the burden to establish good cause for maintaining the material under seal. To the extent that Plaintiff attempted to establish good cause, more is required than a conclusory statement that the material is "confidential" or would cause "competitive disadvantage." *See, e.g.*, *Forst v. Smithkline Beecham Corp.*, 639 F. Supp. 2d 948, 956 (E.D. Wis. 2009) (explaining that to establish good cause, a party must show that disclosure of the confidential information will result in a "clearly defined and very serious injury") (quoting *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998)).

Based on the foregoing, the party who has designated as confidential the material specified in the plaintiff's motion to seal (ECF No. 32) must provide good cause to maintain the material under seal now that it has been filed with the Court. Failure to do so within 15 days will result in the material being unsealed. In the alternative, the material designated confidential may be withdrawn on agreement of the parties.

**SO ORDERED** this ___24th___ day of April, 2013.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court