UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

C&N CORPORATION d/b/a DOOR
PENINSULA WINERY,

           Plaintiff,

   v.                                                            Case No. 12-C-0257

GREGORY KANE and ILLINOIS
RIVER WINERY, INC.,

           Defendants.

---

**ORDER**

---

Before the Court are motions to seal certain documents the parties have filed in connection with the plaintiff's Motion for Summary Judgment. On April 24, 2013, the Court directed the parties to advise the Court within 15 days what cause existed to file under seal the material identified in the plaintiff's Motion to Seal (ECF No. 32). Neither party has responded by providing good cause why the Motion to Seal should be granted. Therefore, the motion will be denied.

In addition, Defendants filed a Motion to Seal (ECF No. 44) on May 9, 2013. As an initial matter, the defendants' motion does not comport with Rule 11 of the Federal Rules of Civil Procedure in that it is unsigned. Rule 11(a) mandates that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P. 11(a). The rule further provides that a "court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Accordingly, the defendants are ordered to promptly correct their error.

With regard to the substance of the defendants' motion to seal, the motion requests to seal the April 9, 2013 deposition transcript of Robert Pollman, Plaintiff's Chief Operating Officer. The motion indicates that the Pollman deposition was intended to be submitted to the Court in support of the defendants' opposition to the motion for summary judgment. However, the transcript was never filed with the court. Rather, Defendants state that the Pollman deposition transcript "was attempted to be filed with Defendant's [sic] Summary Judgment opposition materials and was unsuccessful." Plaintiff contends that the defendants have not provided any reason for why they failed to timely submit the evidence and why it should be considered as evidence in support of the defendants' opposition to the plaintiff's motion for summary judgment. Plaintiff also argues that even if the evidence is permitted to be filed, the motion to seal should be denied since it no longer believes any portion need be designated confidential.

While the defendants have not provided any reason for their failure to file the Pollman deposition transcript earlier, excluding it from the record at this point seems too severe a sanction if it is essential to preclude entry of judgment against them. Defendants apparently attempted to file it as an exhibit to the April 17, 2013 Declaration of Margery Tibbetts-Wakefield (ECF No. 38), and cited to the deposition in their opposition brief and proposed statement of facts as if it had been filed properly. Although Plaintiff presumably has its own copy of the deposition, it argued in its May 1, 2013 reply brief in support of the motion for summary judgment argues that the Pollman deposition was not filed and therefore should not be considered as evidence.

In light of the foregoing, Defendants are ordered to explain why the Pollman deposition transcript was not timely filed within the next 7 days. Plaintiff may respond within 7 days thereafter. Furthermore, in light of the plaintiff's response to the motion to seal, it appears that the defendants' Motion to Seal (ECF No. 44) should be denied. To the extent that the defendants have

designated any part of the deposition transcript as confidential, they must provide good cause why the Pollman deposition transcript, if filed, should be sealed.

**THEREFORE, IT IS ORDERED** that the plaintiff's Motion to Seal (ECF No. 32) is denied. The Clerk is directed to unseal the plaintiff's Memorandum in Support of Partial Summary Judgment (ECF No. 28) and all documents and exhibits filed in support of the motion (ECF Nos. 29 and 30).

**IT IS ALSO ORDERED** that the defendants must show cause within 7 days why the April 9, 2013 deposition of Robert Pollman should be included in the record. Plaintiff may file a response within 7 days thereafter. Defendants are also ordered to provide good cause why any part of the transcript, if filed, should be sealed.

**SO ORDERED** this 13th day of May, 2013.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court