UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

C&N CORPORATION d/b/a
DOOR PENINSULA WINERY,

        Plaintiff,

v.                                                          Case No. 12-C-0257

GREGORY KANE and
ILLINOIS RIVER WINERY, INC.,

        Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR RULE 54(b) CERTIFICATION AND ENTRY OF FINAL JUDGMENT**

     This case is before the court on Plaintiff's motion for entry of final judgment as to claims resolved at summary judgment pursuant to Fed. R. Civ. P. 54(b). The case arises out of a dispute over infringement by Defendants Gregory Kane and Illinois River Winery, Inc. (IRW), of trademark rights held by Plaintiff C&N Corporation d/b/a Door Peninsula Winery (DPW) in selling a spiced wine called "Hallowine." DPW sued Defendants for infringement of its federally registered trademarks 15 U.S.C. § 1114. DPW also sued Defendants for infringement of its common law rights under Wisconsin and Illinois law, and for infringement of its unregistered marks under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The latter claims all encompassed infringement of DPW's rights in the word mark HALLOWINE, which were the subject of a previous proceeding before the Trademark Trial and Appeal Board (TTAB) of the United States Patent and Trademark Office (PTO).

     In 2006, IRW applied for federal registration of the trademark HALLOWINE from the PTO. DPW discovered IRW's application and initiated an opposition proceeding at the PTO challenging

IRW's right to register the mark. On October 21, 2008, the TTAB issued a decision granting DPW's motion for summary judgment in the proceeding, concluding as a matter of law both that (1) DPW had priority in the Hallowine mark over IRW based on DPW's interstate sales into Illinois; and (2) that there was a likelihood of confusion between DPW's use of the HALLOWINE mark on its wine product and IRW's later use of the HALLOWINE mark on its wine product. IRW never appealed the TTAB decision.

Based in part on the TTAB decision in the opposition proceeding, DPW moved for summary judgment on its claims against Defendants for infringement of its unregistered HALLOWINE mark in violation of Section 43(a) of the Lanham Act and state common law. On June 14, 2013, the Court granted DPW's motion and awarded damages for the infringement of $508,864.26. The parties thereafter stipulated to, and the Court ordered, dismissal of DPW's remaining claims for infringement of federally registered trademarks without prejudice. By separate motion, DPW now seeks a permanent injunction enjoining Defendants from using the HALLOWINE mark in connection with the manufacture, marketing or sale of wine products in the States of Wisconsin and Illinois. Upon granting its motion for a permanent injunction, DPW requests that the Court certify pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and direct the Clerk to enter final judgment in its favor on the claims for infringement of the unregistered mark.

For the reasons that follow, Plaintiff's motion for entry of final judgment will be granted.

**BACKGROUND**

After an opposition proceeding before the Trademark Trial and Appeal Board (TTAB), Plaintiff filed the present lawsuit against Defendants on March 16, 2012, alleging infringement on

2

Case 1:12-cv-00257-WCG   Filed 11/12/13   Page 2 of 7   Document 95

its rights in trade dress and related trademarks, including HALLOWINE and DOOR COUNTY HALLOWINE. I granted summary judgment in Plaintiff's favor as to all of Defendants' affirmative defenses. (Dkt. 54 at 7–10.) I further granted summary judgment in Plaintiff's favor on its claims for trademark infringement of its rights in the HALLOWINE mark under 15 U.S.C. § 1125(a) and state common law because the TTAB ruling on priority and likelihood of confusion was entitled to preclusive effect and Plaintiff's unregistered HALLOWINE mark was protectable. (*Id.* at 11–15.) The partial summary judgment order did not address Plaintiff's claims regarding infringement of Plaintiff's federally registered trademarks (U.S. Trademark Registration Nos. 4,041,256; 4,041,257; and 4,041,258), along with Plaintiff's state law and §1125(a) claims involving Plaintiff's trademark and trade dress rights in the product label and packaging. These remaining claims were dismissed without prejudice pursuant to the stipulation of the parties. (Dkt. 77.) After unsuccessful mediation, Plaintiff moved for entry of final judgment pursuant to Fed. R. Civ. P. 54(b) based on the order for partial summary judgment.

I directed Defendants to file their responses, if any, on or before October 10, 2013. (Dkt. 88.) Defendants have not done so, presumably because they do not oppose Plaintiff's motion. However, even if Defendants' failure to respond indicates that they do not oppose Plaintiff's motion for final judgment, I must still make a determination whether a final judgment pursuant to Rule 54(b) is appropriate in this case.

## LEGAL STANDARD

Under Rule 54(b), the district court can make a judgment that disposes of one or more, but not all, claims immediately appealable, if it expressly determines "there is no just reason for delay."

Fed. R. Civ. P. 54(b). "A proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *General Ins. Co. Of America v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435–37 (1956)).

**ANALYSIS**

Despite the order for summary judgment and dismissal of remaining claims, there is no final judgment sufficient to confer appellate jurisdiction pursuant to 28 U.S.C. § 1291. The Seventh Circuit has clearly stated that summary judgment on one claim, followed by dismissal without prejudice of the remaining claims, "does not terminate the litigation in the district court in any realistic sense and so is not a final decision within the meaning of 28 U.S.C. § 1291, which authorizes the appeal of such decisions." *IOTFCA, Inc. v. MegaTrans Logistics*, 235 F.3d 360, 363 (7th Cir. 2000) (quoting *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776 (7th Cir. 1999)) (citing *Union Oil Co. of Cal. v. John Brown E & C*, 121 F.3d 305, 309–11 (7th Cir. 1997); *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431, 1435–36 (7th Cir. 1992)). In order to make the order for summary judgment a final order sufficient for appellate jurisdictional issues under § 1291, Plaintiff moved for entry of judgment under Rule 54(b).

A final judgment under Rule 54(b) "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (quoting *Sears*, 351 U.S. at 436). Determining whether a judgment is properly appealable under Rule 54(b) "involves comparing the

issues at stake in the appealed claims and those remaining in the district court." *Marseilles Hydro Power, LLC, v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008). Rule 54(b) appeals are generally limited "to 'situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals.'" *Id.* (quoting *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988)). A district court's determination of whether there is no just reason to delay is committed to its discretion, "to be exercised 'in the interest of sound judicial administration.' " *Curtiss–Wright*, 446 U.S. at 8.

In this case, Plaintiff's claims are sufficiently distinct. The claims adjudicated on summary judgment and the remaining claims are not substantially related because they involve different trademarks. The only relationship between the adjudicated and unadjudicated claims is that some of Defendants' acts may have infringed on more than one trademark. Even with this partial factual overlap, the analyses for Defendants' liability for trademark infringement are distinct: liability for infringing on the HALLOWINE mark turns on the TTAB ruling's preclusive effect, while liability for infringement on the federally registered trademarks and trade dress will involve a new inquiry into priority and the likelihood of confusion.

There is also no possibility that the reviewing court might have to consider the same issue—the effect of the TTAB ruling—a second time. The summary judgment was based on the preclusive effect of the TTAB ruling, which only examined the HALLOWINE mark and did not address Plaintiff's other trademarks or trade dress. As a result, the TTAB ruling will not be relevant to Plaintiff's remaining claims because the TTAB ruling can have no preclusive effect on trademarks or trade dress the ruling never considered. Nor will the reviewing court have to consider

5

Defendants' affirmative defenses a second time because these defenses were dismissed as to all claims when Defendants failed to offer sufficient evidence to allow a reasonable jury to find in their favor on any of their asserted defenses and would not be relitigated in Plaintiff's remaining claims.

Even if Plaintiff refiled its remaining claims for infringement of its federally registered trademarks and its state law and §1125(a) claims involving Plaintiff's trademark and trade dress rights in the product label and packaging, the resolution of those claims could not effect the appeal of the summary judgment order. The outcome of Plaintiff's claims of infringement on different trademarks or trade dress that were not considered in the TTAB ruling will have no effect on whether the TTAB ruling precluded relitigation of the priority or likelihood of confusion of the HALLOWINE mark.

Finally, the Court's order on Plaintiff's motion for permanent injunction will be immediately appealable pursuant to 28 U.S.C. § 1292(a)(1) in any event. Presuming that an appeal on the permanent injunction will occur, it would be more efficient for the Seventh Circuit to consider the order for summary judgment and the permanent injunction, which are directly related and concern the HALLOWINE mark, at the same time. Sending up the permanent injunction alone, followed by the summary judgment after Plaintiff refiles its other claims and a trial on the merits at a later date, is far more likely to create piecemeal litigation and appeals. Accordingly, I conclude that the order for summary judgment is a final order and there is no just reason for delay.

## CONCLUSION

Because the order for summary judgment is a final order, the adjudicated and unadjudicated claims are sufficiently distinct, and there is no just reason for delay, entry of final judgment on

6

some, but not all, of Plaintiff's claims is appropriate. Based on the foregoing, Plaintiff's motion for final judgment is **GRANTED**.

**IT IS THEREFORE ORDERED** that the Clerk is directed to enter judgment pursuant to Rule 54(b) in favor of C&N Corporation d/b/a/ Door Peninsula Winery as to its claims for trademark infringement of its rights in the HALLOWINE word mark under the Lanham Act and state common law, including recovery of Defendants' profits for infringing sales in the amount of $508,864.26.

Dated this   12th   day of November, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
