UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

C&N CORPORATION d/b/a
DOOR PENINSULA WINERY,

        Plaintiff,

   v.                                      Case No. 12-C-0257

GREGORY KANE and
ILLINOIS RIVER WINERY, INC.,

        Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR STAY PENDING APPEAL**

     This matter is now before the Court on a motion to stay brought by Defendants Gregory Kane and Illinois River Winery, Inc. After partial summary judgment in Plaintiff's favor on the infringement of the HALLOWINE word mark held Plaintiff C&N Corporation d/b/a Door Peninsula Winery, the Court granted Plaintiff's motions for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) and for a permanent injunction to enjoin further infringement of Plaintiff's HALLOWINE word mark by Defendants. Defendants have filed an appeal with the Seventh Circuit Court of Appeals and seek to stay proceedings to enforce judgment pursuant to the Federal Rule of Appellate Procedure 8(a), Federal Rule of Civil Procedure 62(d), and common law. Because Defendants have not met their burden to justify the stay, the motion will be denied.

     To obtain a stay of enforcement of a money judgment pending appeal, Defendants must post a supersedeas bond. Fed. R. Civ. P. 62(d). Defendants' motion indicated that they were "making arrangements to post a supersedeas bond pursuant to Civil L.R. 62." (Def. Mot. for Stay, ECF No.

97.) Defendants also filed a declaration of Gregory Kane, dated December 12, 2013, which indicated that he was "making arrangements for posting a bond pursuant to Rule 62(d) of the Federal Rules of Procedure." (Decl. of Gregory Kane, ECF No. 100.) Plaintiff's response to the motion correctly points out that these statements are not sufficient to establish that Defendants are entitled to a stay of the money judgment. (Pl. Resp. 1–2, ECF No. 110.) To date, Defendants have not filed a reply addressing this issue or actually submitted any bond to the Court for approval. As a result, the stay of the money judgment is denied.

Defendants' motion does not make clear if they also seek a stay of the injunction. The stay of an injunction pending an appeal is not automatic. Fed. R. Civ. P. 62(a). If Defendants do seek such a stay, their motion makes no effort to support it. Accordingly, Defendants' request, if any, for the stay of the injunction is denied.

Based on the foregoing, Defendants' motion to stay is **DENIED**.

Dated this   24th   day of January, 2014.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court